**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                                                                               Case No. 6:12-cr-205-Orl-37GJK

ELADIO MARROQUIN-MEDINA

**ORDER**

Before the Court is:

1. Defendant's Motion for the Reduction or Modification of Sentence Pursuant to Amendment 782 to § 2D1.1(c) of U.S.S.G. and Under 18 U.S.C. § 3582(c)(2) (Doc. 159), filed March 11, 2015;

2. Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. 162), filed April 20, 2015; and

3. United States' Response to Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. 163), filed May 8, 2015.

On November 20, 2013, Defendant pled guilty to, and the Court adjudged him guilty of, drug trafficking charges. (*See* Doc. 62; *see also* Docs. 46, 59.) At sentencing, Defendant's criminal offense level was 29, resulting in a guideline range of 87 to 108 months imprisonment. (*See* Doc. 162, p. 3 (citing the PSR).) The Court granted the Government's Motion for Downward Departure Based on Substantial Assistance (Doc. 105) and departed downward three levels. (Doc. 117.) The Court ultimately sentenced Defendant to 72 months imprisonment, a 17% reduction from the bottom of the guideline range. (*Id.*; Doc. 118.) Defendant now moves for a sentence reduction

pursuant to Amendment 782.[1] (*See* Doc. 162.)

Amendment 782 to the United States Sentencing Guidelines ("USSG") reduced the sentencing guidelines for most federal drug trafficking offenders by reducing the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table by two levels.[2] *See United States v. Espinoza*, Case No. 8:06-cr-389-T-27MAP, 2015 WL 736396, *1 (M.D. Fla. Feb. 20, 2015). When a defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commissions . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issues by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Accordingly, Defendant is eligible for a sentence reduction under Amendment 782 and his applicable guideline range is amended from 87–108 months imprisonment to 70–87 months imprisonment.

In addition to the sentence reduction, Defendant moves the Court to use the "level-based approach" to depart "from the [reduced] amended guideline range the same number of levels that the Court departed from the originally applicable guideline range." (Doc. 162, p. 2.)  The Government contends that the Court must use the "percentage-based approach" to determine the appropriate departure from the reduced guideline range. (*See* Doc. 163.) Upon consideration of USSG § 1B1.10(b)(2)(B),[3] the Court agrees

---

[1] Defendant filed his first motion for reduction of sentence in proper person two days after counsel made an appearance on his behalf. (*See* Docs. 158, 159.) Local Rule 2.03(d) prohibits "[a]ny party for whom a general appearance of counsel has been made" from taking "any step or be[ing] heard in the case in proper person." Thus, Defendant's Motion for the Reduction or Modification of Sentence Pursuant to Amendment 782 to § 2D1.1(c) of U.S.S.G. and Under 18 U.S.C. § 3582(c)(2) (Doc. 159) is due to be stricken.

[2] Amendment 782 is retroactive, but orders reducing prison terms based on the Amendment are not effective until November 1, 2015. *See* USSG § 1B1.10(e).

[3] An example of how to apply a reduction for substantial assistance found in the

with the Government and will apply a 17% reduction from the bottom of the amended guideline range, resulting in a term of imprisonment of 58 months. *See United States of America v. Benitez*, Case No. 8:05-cr-232-T-27TBM, Doc.129 at 2, n.1 (applying the percentage-based approach when departing from the amended guideline range).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

4. The Clerk is **DIRECTED** to **STRIKE** Defendant's Motion for the Reduction or Modification of Sentence Pursuant to Amendment 782 to § 2D1.1(c) of U.S.S.G. and Under 18 U.S.C. § 3582(c)(2) (Doc. 159).

5. Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. 162) is **GRANTED** to the extent that it seeks a reduction in his sentence.

6. In accordance with USSG § 1B1.10(b)(2)(B), the Court employs the percentage-based approach to reduce Defendant's sentence to 58 months imprisonment.

7. This reduction is effective November 1, 2015, pursuant to USSG § 1B1.10(e).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 20, 2015.

ROY B. DALTON JR.
United States District Judge

---

commentary to USSG § 1B1.10(b)(2)(B), which can be found at http://www.ussc.gov/guidelines-manual/2014/2014-chapter-1#1b110, employs the percentage-based approach.

Copies:

Counsel of Record

Case 6:12-cr-00205-RBD-GJK   Document 164   Filed 05/20/15   Page 4 of 4 PageID 1406