**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                                                    Case No. 6:12-cr-205-Orl-37GJK

ELADIO MARROQUIN-MEDINA.

_____

**ORDER**

The cause is before the Court on the following:

1.    Mandate Issued by the U.S. Court of Appeals for the Eleventh Circuit
      (Doc. 174), filed May 3, 2016;

2.    Defendant's Motion for Sentence Reduction Under Amendment 782
      (Doc. 175), filed May 4, 2016; and

3.    United States' Response to Defendant's Motion, on Remand, for Sentence
      Reduction Under Amendment 782 (Doc. 176), filed May 6, 2016.

On November 20, 2013, Defendant pled guilty to, and the Court adjudicated him guilty of, federal drug trafficking charges.  (*See* Doc. 62; *see also* Docs. 46, 59.) At sentencing, Defendant's criminal offense level was 29, resulting in a guideline range of 87 to 108 months' imprisonment ("**Original Range**"). (*See* Doc. 162, p. 3 (citing the PSR).) The Court: (1) granted the Government's Motion for Downward Departure Based on Substantial Assistance (Doc. 105); (2) departed downward three levels ("**Departure**"); and (3) sentenced Defendant to 72 months' imprisonment ("**Original Sentence**"). (Doc. 117; Doc. 118.)

On April 20, 2015, Defendant moved for a sentence reduction pursuant to Amendment 782. (Doc. 162.) The parties agreed that Defendant was eligible for a

sentence reduction pursuant to Amendment 782. (*See id.*; *see also* Doc. 163.) Applying the appropriate reduction, the applicable guideline range was reduced to 70 to 87 months' imprisonment ("**Reduced Range**"). (*See* Doc. 154, p. 1.)

The parties also agreed that the Court had discretion to apply a downward departure from the Reduced Range comparable to the Departure from the Original Range for Defendant's substantial assistance. (*See* Docs. 162, 163.) The parties disagreed, however, as to how the Court should calculate a comparable departure. Defendant requested that the Court employ a "level-based approach"—that is, depart from the Reduced Range the same number of levels that the Court departed from the Original Range. (*See* Doc. 162.) A three-level departure from the Reduced Range would result in a guideline range of 51 to 63 months' imprisonment ("**Level Guideline**"). (*See* Doc. 154, p. 1.) For its part, the Government contended that the Court was *required* to employ a "percentage-based approach"—that is, depart from the bottom of the Reduced Range an amount equal to the percentage departed from the bottom of the Original Range. The Court adopted the Government's position and applied a 17% downward departure from the bottom of the Reduced Range, resulting in a sentence of 58 months' imprisonment.[1] (Doc. 164 ("**782 Order**").) Defendant appealed the Court's 782 Order. (Doc. 165.)

The U.S. Court of Appeals for the Eleventh Circuit reversed the Court's 782 Order in an April 1, 2016 opinion ("**Opinion**"). (*See* Doc. 172.) The Eleventh Circuit instructs that, "while the percentage-based approach is <u>a</u> reasonable method [to calculate a comparable downward departure], it is not the <u>only</u> reasonable method . . . ." (*Id.* at 14; *see also id.* at 12–15.) Thus, the Court's determination that it was *required* to employ the

---

[1] The Original Sentence was 17% below the bottom of the Original Range.

percentage-based approach constituted procedural error. (*Id.* at 15.) Moreover, the procedural error was not harmless because the Court in the 782 Order did not indicate that Defendant's sentence would be 58 months, regardless of the method used. (*Id.*) The Eleventh Circuit vacated the 782 Order and remanded the case back to this Court for resentencing. (*Id.* at 17.) The Eleventh Circuit expressed no opinion as to the appropriate final amended sentence rather, it indicated that, on remand, the Court may—in its discretion—choose to employ the percentage-based approach so long as it does not do so "under the incorrect assumption that other reasonable methods . . . are legally foreclosed from consideration." (*Id.* at 16–17.)

The Eleventh Circuit issued its mandate on May 3, 2016 (Doc. 174), and, on May 4, 2016, Defendant filed a renewed motion for a sentence reduction pursuant to Amendment 782 with a comparable level-based downward departure (Doc. 175). The Government opposes, requesting that the Court again employ the percentage-based approach. (Doc. 176.)

On remand, the Court acknowledges its discretion in deciding: (1) whether to apply a comparable downward departure for a defendant's substantial assistance authorized by 18 U.S.C. § 3582(c)(2)[2] and United States Sentencing Guideline § 1B1.10; and (2) how to calculate a comparable downward departure. *See United States v. Marroquin-Medina*, --- F.3d ---, 2016 WL 1273021, at *3–4 (11th Cir. 2016); *see also United States v. Hayes*, 762 F.3d 1300, 1303 (11th Cir. 2014).

---

[2] In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by Amendment 782, § 3582(c)(2) permits the Court to "reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Reduced Range being 70 to 87 months' imprisonment, the Court may, in its discretion, reduce Defendant's sentence based on either a percentage-based approach or a level-based approach. Although a percentage-based sentence of 58 months' imprisonment is well-within the Level Guideline, the Court finds that, considering the factors enumerated in 18 U.S.C. § 3553(a)(1)–(7), a sentence at the bottom of the Level Guideline is: (1) sufficient but not greater than necessary to meet the objectives of sentencing; and (2) fair and just under the circumstances. As such, the Court will resentence Defendant to the greater of 51 months' imprisonment or time served. *See* USSG § 1B1.10(b)(2)(C) (providing that the reduced sentence cannot be less than the term of imprisonment Defendant has already served).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. 175) is **GRANTED**.

2. Defendant's sentence is reduced to 51 months' imprisonment or time-served, whichever is greater on each Count to run concurrently. An Amended Judgment will be entered pursuant to the Court's Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 11, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record